Joseph WILSON, Relator,

v.

**Lloyd W. McCONNELL, Acting as Chairman of the El Paso Democratic Executive Committee and Ex-officio Chairman of its Primary Committee; Hector Enriquez, El Paso County Clerk; Helen Jameson, El Paso County Election Department Director and El Paso's Democratic Primary Committee, Respondents.**

No. 6990.

Court of Civil Appeals of Texas, El Paso.

April 8, 1980.

**572**

Joseph Wilson, pro se.

Law Offices of Sidney J. Diamond, Harrel L. Davis, III, George N. Rodriguez, Jr., County Atty., El Paso, for respondents.

## OPINION

PER CURIAM.

Joseph Wilson, Relator in this Original Proceeding, seeks a Writ of Mandamus to require Lloyd W. McConnell, acting as chairman of the El Paso Democratic Executive Committee; Hector Enriquez, El Paso County Clerk; Helen Jameson, El Paso County Election Department Director and El Paso's Democratic Primary Committee, to place his name upon the Democratic Primary Ballot as a candidate for the office of Chairman for Precinct 28 of El Paso County, Texas.

On February 4, 1980, Mr. Wilson filed application for both Precinct Chairman of Precinct 28, and for Chairman of the El Paso Democratic Party. Mr. McConnell told him that he did not believe a candidate could file for both positions, but would not deny the filing until a ruling could be obtained from the Secretary of State's office. The El Paso Democratic Party County Committee had a meeting on March 17, 1980, for the purpose of drawing names for positions on the ballot for the General Primary. Mr. Wilson drew for a position on the ballot for the office of Democratic Party County Chairman. Mr. McConnell stopped the meeting and showed Mr. Wilson a letter from the Secretary of State's office which stated that a candidate could only run for one position. Mr. Connell told Mr. Wilson he would need a letter officially withdrawing from one race before he could place him on the ballot in the other race. Mr. Wilson stated he guessed he would withdraw from the County Party Chairmanship race. Mr. Wilson was then allowed to draw for a position in the Precinct Chairman race. Mr. McConnell never received notification of which office Mr. Wilson decided to run for, so his name was omitted when the official Democratic Party Primary Ballot was filed on March 24, 1980. Thus, the question before this Court is whether the name of a candidate, who files applications for both County Chairman and Precinct Chairman and withdraws from neither, should be left off the ballot. We answer that it should.

Tex.Election Code Ann. art. 6.01 (Supp. 1980) states in part that the name of no candidate shall appear more than once upon the official ballot, except as a candidate for two or more offices permitted by the Constitution to be held by the same person. The offices of county party chairman and precinct chairman do not fall within the exceptions to Article 6.01, which are delineated in Tex.Const. art. 16, sec. 40. Thus, Mr. Wilson was required to withdraw his name from either race since he had applications pending for two offices in violation of Article 6.01. Tex.Election Code Ann. art. 13.12(f) (Supp.1980) states that a candidate may withdraw by filing with the chairman with whom his application was filed, a signed request, duly acknowledged by him, that his name not be printed on the primary ballot. Furthermore, a candidate shall not be permitted to withdraw after the 45th day preceding the general primary. Tex. Election Code Ann. art. 13.12(g) (Supp. 1980). Mr. Wilson did not file a signed request withdrawing his name 45 days prior to the general primary so he could not withdraw his name from either race. The petition for Writ of Mandamus is denied.